## CHARLES PRAY vs. PETER GARCELON.

A mere general admission, by the party sought to be charged, *that something was due,* without reference to the particular claim in question between the parties, is not sufficient to take the demand out of the operation of the statute of limitations.

In an action of assumpsit, if the jury would not be authorized, from the evidence introduced by the plaintiff, to infer a promise to pay the demand in suit, the presiding Judge may, according to our practice, direct a nonsuit.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit on an account annexed to the writ. Neither the time of the alleged delivery of the articles charged, nor the quantity, nor the description of them, nor the time when the action was commenced, can be ascertained from the exceptions. From the pleadings, ruling of the Judge, and arguments of counsel, it would seem that more than six years had elapsed between the delivery of the articles and the commencement of the suit. The general issue was pleaded, with a brief statement, that the defendant did not promise within six years. The plaintiff replied, that the defendant did promise within six years.

On the trial, the defendant objected, that the account was barred by the statute of limitations. The plaintiff then introduced a witness, who testified, " that about three years ago he heard the defendant state, that he was owing the plaintiff something, and it ought to be settled, but did not state how much or what for." The exceptions then state, that " a nonsuit was ordered on the ground that this was not sufficient evidence to take the case out of the statute ; and the Judge ruled, that it was necessary for the plaintiff to prove an acknowledgment of the particular debt which was the subject of this controversy, and that a general acknowledgment of indebtedness was not sufficient for this purpose." The plaintiff filed exceptions.

The case was submitted on the briefs of counsel.

*J. S. Abbott* and *Moody,* for the plaintiff.

1. A general acknowledgment of indebtedness is sufficient, when, as in this case, sundry and diverse demands do not exist between the parties. In the cases cited by the defendants' counsel, it will

be found that when the general acknowledgment of indebtedness was made, there were other demands subsisting between the parties, and that it could not be determined to what the acknowledgment was intended to apply. Here is but one transaction, and there is nothing to which the acknowledgment could be applied, except the demand in suit.

2. It was contended, that the question should have been left to the jury to say, whether the acknowledgment did not apply to this account. There was no evidence that the plaintiff had any other claim against the defendant.

*Codman & Fox*, for the defendant.

The acknowledgment must refer to the very debt in question between the parties. In this case there is no promise to pay, no acknowledgment that any particular sum is due, and no reference to any demand, by the proof of which, the amount of indebtedness may be ascertained. This is not sufficient to take the case out of the operation of the statute of limitations. 3 *Bingham*, 329; 4 *Car. & P.* 173; 8 *Bingh*. 38; *Peebles* v. *Mason*, 2 *Dever*. 367; *Stafford* v. *Bryan*, 3 *Wend*. 532; *Clark* v. *Dutcher*, 9 *Cowen*, 674; *Bell* v. *Morrison*, 1 *Peters*, 366; *Bangs* v. *Hall*, 2 *Pick*. 368; *Porter* v. *Hill*, 4 *Greenl*. 41; *Moore* v. *Bank of Columbia*, 6 *Peters*, 91; *Hancock* v. *Bliss*, 7 *Wend*. 267; *Perley* v. *Little*, 3 *Greenl*. 97; *Thayer* v. *Mills*, 2 *Shepl*. 302.

The opinion of the Court was drawn up by

SHEPLEY J. — This is not a promise to settle and pay whatever is due, or may be found to be due on an unsettled account. It is only an admission by the defendant " that he was owing plaintiff something and it ought to be settled." An acknowledgment of present indebtedness is evidence from which a promise to pay, may be implied; but when it does not refer to any particular claim, and none is at that time produced, no promise can be implied to settle or pay any particular demand. And it would not authorize a jury to imply a promise to pay whatever the plaintiff might prove to be due on all the dealings, which had ever existed between the parties. The effect of such an acknowledgment was considered in the case of *Bell* v. *Morrison*, 1 *Peters*, 365. One of the points

decided is thus stated, " whether the admission of a party of the existence of an unliquidated account on which something is due to the plaintiff, but no specific balance is admitted, and no document produced at the time from which it can be ascertained what the parties understood the balance to be, is sufficient to take the case out of the statute, and let in the plaintiff to prove *aliunde* any balance however large it might be ;" and the decision upon it was, that "it would not establish any particular subsisting debt, and therefore be destitute of any reasonable certainty to raise an implied promise."

As the jury in this case would not be authorized to infer a promise to pay the demand in suit, the presiding Judge might, according to our practice, direct a nonsuit.

*Exceptions overruled.*